**Opinion filed January 19, 2018**



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00200-CV

_____

## IN THE INTEREST OF L.R.R., A CHILD

**On Appeal from the County Court at Law**
**Midland County, Texas**
**Trial Court Cause No. FM 60,640**

## M E M O R A N D U M   O P I N I O N

The trial court entered an order in which it terminated the parental rights of the mother and the father of L.R.R. Both parents appeal. On appeal, each parent challenges the sufficiency of the evidence to support the trial court's findings in support of termination. We affirm.

The father presents five issues, and the mother presents eight issues. All thirteen issues involve a challenge to the legal or factual sufficiency of the evidence to support the trial court's findings. Termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2017). To determine on appeal if the evidence is legally sufficient in a

parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. FAM. § 161.001(b).

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

In this case, the trial court found that the father had committed four of the acts listed in Section 161.001(b)(1)—those found in subsections (D), (E), (N), and (O)—

and that the mother had committed three of the acts listed in Section 161.001(b)(1)—those found in subsections (D), (E), and (O).  Specifically, the trial court found that each parent had knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endangered the child's physical or emotional well-being; that each parent had engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the child's physical or emotional well-being; that the father had constructively abandoned the child; and that each parent had failed to comply with the provisions of a court order that specifically established the actions necessary to obtain the return of the child, who had been in the managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parents for abuse or neglect.  The trial court also found, pursuant to Section 161.001(b)(2), that termination of both parents' parental rights would be in the best interest of the child.  The parents challenge each of these findings.

The record shows that the Department initially became involved with L.R.R. shortly after she was born.  The Department was involved with the family again when L.R.R. was eleven months old.  At that time, police found the mother passed out in a vehicle with L.R.R. in the back seat.  The mother stated that the father had injected her with heroin.  Then, when L.R.R. was three years old, the Department became involved a third time and removed L.R.R. from her parents' care after the mother was again arrested for driving while intoxicated with a child passenger.  The mother, who used inhalants (specifically, "air dusters") on a daily basis, had inhaled an air duster while driving with L.R.R. in the vehicle.  The mother lost consciousness and crashed into a grocery store.  The mother was later convicted for this offense and also for the prior incident in which she drove while intoxicated with L.R.R. in the vehicle.  The mother had an extensive history of drug abuse, including inhalants, heroin, marihuana, methadone, and Xanax; she also had a criminal history.  The

3

mother was incarcerated throughout the termination proceedings and had had no visitation with L.R.R. during that time. Additionally, the mother did not complete the court-ordered family services.

The father used heroin and had an extensive history of drug use. At the time of removal, the father was incarcerated. At the time of the final hearing, the father resided at a halfway house in Midland. He did not visit L.R.R. while this case was pending and did not complete the court-ordered family services.

After L.R.R. was removed, she was inappropriately touching both herself and another child. L.R.R. explained that her "old Mommy" (the mother involved in this termination) had taught her how to touch herself and said that it was okay for her to do so. In therapy, L.R.R. disclosed that both the mother and the father had touched her private areas. Both parents testified at trial and denied these allegations.

Although L.R.R. was originally placed in foster care, she was placed with maternal cousins about eight months prior to the date of the final hearing. L.R.R. has thrived in the home of her maternal cousins, and she remained in their home at the time of trial. The maternal cousins have a safe and stable home, are bonded with L.R.R., and wish to adopt L.R.R. The maternal cousins are committed to L.R.R. and to her therapy. The Department's goal for L.R.R. is termination of both parents' parental rights and eventual adoption by the maternal cousins. The conservatorship caseworker and the child's attorney ad litem believed that termination of the mother's and the father's parental rights would be in L.R.R.'s best interest.

The record contains clear and convincing evidence that both parents had engaged in conduct that endangered L.R.R.'s physical or emotional well-being and that both parents had failed to comply with the provisions of a court order that specifically established the actions necessary for them to obtain the return of L.R.R.—as required to support findings under Section 161.001(b)(1)(E) and (O). Under subsection (E), the relevant inquiry is whether evidence exists that the

4

endangerment of the child's well-being was the direct result of the parent's conduct, including acts, omissions, or failures to act. *In re D.O.*, 338 S.W.3d 29, 33 (Tex. App.—Eastland 2011, no pet.). Additionally, termination under subsection (E) must be based on more than a single act or omission; a voluntary, deliberate, and conscious course of conduct by the parent is required. *In re D.T.*, 34 S.W.3d 625, 634 (Tex. App.—Fort Worth 2000, pet. denied); *In re K.M.M.*, 993 S.W.2d 225, 228 (Tex. App.—Eastland 1999, no pet.). The offending conduct does not need to be directed at the child, nor does the child actually have to suffer an injury. *In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009).

The evidence at trial revealed that the parents used drugs together, that the mother was first arrested for driving while intoxicated with L.R.R. in the vehicle in 2014 after the father injected the mother with heroin, and that the mother was again arrested in 2016 for driving while intoxicated with L.R.R. in the vehicle after she crashed into a grocery store. The mother was found passed out in the vehicle on both of these occasions. Additionally, the evidence was undisputed that the parents did not fully comply with their court-ordered family service plan. We hold that the evidence is legally and factually sufficient to support the findings as to each parent under subsections (E) and (O). Accordingly, we overrule the father's second and fourth issues and the mother's fifth, sixth, seventh, and eighth issues. Because it must be shown that a parent has committed only one of the acts listed in Section 161.001(b)(1)(A)–(U), we need not reach the merits of the father's first and third issues or the mother's third and fourth issues. *See* TEX. R. APP. P. 47.1.

In the father's fifth issue and the mother's first and second issues, they challenge the legal and factual sufficiency of the evidence in support of the trial court's best interest findings. Based upon the *Holley* factors and the evidence in the record, we cannot hold that the trial court's best interest findings are not supported by clear and convincing evidence. *See Holley*, 544 S.W.2d at 371–72. Considering

5

the evidence of the emotional and physical needs of the child now and in the future, the emotional and physical danger to the child now and in the future, the parental abilities of the placement, the plans for the placement to adopt the child, the stability of the placement's home, and the parents' drug use and criminal histories (particularly both parents' responsibility with respect to the mother driving under the influence while L.R.R. was in the vehicle), we conclude that the trial court could reasonably have formed a firm belief or conviction that it would be in L.R.R.'s best interest for her mother's and her father's parental rights to be terminated. We hold that the evidence is both legally and factually sufficient to support the trial court's best interest findings. Accordingly, we overrule the father's fifth issue and the mother's first and second issues.

We affirm the trial court's order of termination.


MIKE WILLSON

JUSTICE

January 19, 2018

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[1]

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.